UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STATE OF LOUISIANA and THE CAMERON PARISH SCHOOL BOARD | : : | DOCKET NO. 2:11-CV-00489 |
| VERSUS | : : | JUDGE MINALDI |
| ASPECT ENERGY LLC, AZIMUTH ENERGY LLC, CONOCOPHILLIPS COMPANY, DUNDEE PETROLEUM, INC. | : : | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

This court granted defendant ConcoPhillips Co.'s Motion for Oral Argument Doc. 27 on May 23, 2011. After conducting an extensive review of both the record and pleadings this court concludes that the issue presented before it is clear and oral argument would not assist in the ultimate determination of this matter.

For reasons stated herein, that plaintiffs' Motion to Remand Doc. 7 is **GRANTED**, and defendant's Motion for Leave to File an Amended Notice of Removal Doc. 28 is **DENIED**.

*Facts and Procedural History*

This suit was originally filed On May 13, 2010, in the 38th Judicial District, Cameron Parish, Louisiana. Doc. 1 att. 2. In the original complaint plaintiffs, the State of Louisiana and the Cameron Parish School Board, named as defendants Aspect Energy LLC, Azimuth Energy LLC, ConocoPhillips Co., and Dundee Petroleum Inc. Service of process of the original petition for damages was made on May 20, 2010. Doc. 1. Plaintiffs amended their original petition for damages, and service of process of the amended petition was executed on March 1, 2011. Doc.

1.

Defendant ConocoPhilips Co. sought removal of this suit to the United States District Court Western District of Louisiana on March 24, 2011, based on the belief that this court has "original jurisdiction of this matter because (a) Article III, § 2 of the United States Constitution establishes such jurisdiction, (b) one of the plaintiffs is the state of Louisiana; and (c) ConocoPhillips is a citizen of states other than Louisiana, specifically Delaware and Texas." Doc. 1, p. 2. Defendant ConocoPhillips Co. states in its Notice of Removal that "[c]ounsel for Aspect Energy LLC and Azimuth Energy LLC has informed undersigned counsel that both of his clients consent to removal." Doc. 1, p. 3.

On April 1, 2011, plaintiffs filed a motion to remand alleging that removal was improper for various reasons, most notably because ConocoPhillips' notice of removal was 1) untimely under 28 U.S.C. § 1446, 2) procedurally defective due to its failure to obtain the written consent to removal from co-defendants (Azimuth LLC and Aspect LLC), and 3) lacked a valid basis for this court to exercise jurisdiction over this matter. Doc. 7, p.1-2. This motion is now before the court

On May 23, 2011, in response to plaintiffs' April 1, 2011, Motion to Remand, defendant ConocoPhilips Co. filed a motion requesting leave to file an amended notice of removal. Doc. 28, p 2. ConocoPhillips Co. did not concede that their notice of removal was defective in any way but alleged that they were requesting leave to amend their petition "in an abundance of caution – and in order to clear a purported obstacle to this court retaining jurisdiction over this case." *Id*. This motion is also before this court.

### *Law and Analysis*

Section 1441 of Title 28, *United States Code,* provides that "any civil action brought in a

State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If an action is not initially removable, but later becomes removable, the second paragraph of § 1446(b) directs that,

> a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity of citizenship] more than one year after commencement of the action.

28 U.S.C. § 1446(b); *see also McCabe v. Ford Motor Co.*, No. 10-98, 2010 WL 2545513, at *5 (E.D. Tex. June 21, 2010) ("While the first paragraph of § 1446(b) applies to cases that are removable based on the initial pleadings, paragraph two applies to cases that are not removable at the time of filing but become removable at a later date."). Further, section 1446(b) has been interpreted to require that all served defendants join in the removal petition within thirty days of ascertaining that the case has become removable. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254 at 1262 (5th Cir. 1988).

The burden of proof for establishing federal jurisdiction is placed on the party seeking removal and is to be construed narrowly and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

### I.     Consent to Removal

There is no express statutory requirement for joinder or consent by co-defendants; however, the case law firmly establishes this requirement which is known as the "rule of

unanimity."[1]  *Spillers v. Tillman*, 959 F.Supp. 364, 368 (S.D. Miss. 1997).  Under the "rule of unanimity," all properly served defendants must timely join in or consent to the removal.  *Doe*, 969 F.2d at 167.  In *Getty Oil, supra,* the Fifth Circuit held that this rule requires that, pursuant to the first paragraph of § 1446(b), "since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days" after § 1446(b) is triggered.  841 F.2d at 1262-63; *see also White v. White*, 32 F.Supp. 2d 890, 892-93 (W.D. La. 1998) ("All served defendants must join in the removal, and since the notice of removal must be filed within thirty days of service on the first defendant, all served defendants must join in the removal no later than thirty days from the day on which the first defendant is served.").  This consent must be in writing, because "[o]therwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Getty*, 841 F.2d at 1262 n.11; s*ee also* 16 James WM. Moore, *Moore's Federal Practice* §107.30[2][a][ii][B] (3d. ed. 2010) (stating that "'join in' has been defined to mean support in writing").  Furthermore, "a mere statement by the removing defendant to the effect that all other defendants who have been served with summons in the action have stated that they consent to removal or that they do not object to removal is insufficient" for purposes of satisfying the 'rule of unanimity'.  *See* 16 James WM. Moore, *Moore's Federal Practice* §107.30[2][a][ii][B] (3d. ed. 2010) (citing *Ogletree v. Barnes*, 851 F. Supp 184, 188 (E.D. Pa. 1994); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994); *Beard v. Lehman Bros. Holdings, Inc*., 458 F. Supp. 2d 1314, 1319-1321 (M.D. Ala. 2006).  "[F]ailure to adequately reflect the consent of all defendants in a removal notice is a defect not curable by amendment and requiring remand." *Aucoin v. Gulf South Pipeline Co.,*

---

[1] This unanimity requirement is based on 28 U.S.C. § 1441(a) which provides that "the defendant or the defendants" may remove the case.  The courts have read these words to mean that if there is more than one defendant, then the defendants must act collectively to remove the case. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

*L.P.*, No. 4-824, 2004 WL 1196980, at *2 (E.D. La. May 26, 2004); *see also Garner v. Hyken, 2011 WL 1002098* (E.D. La. March 18, 2011) (granting plaintiff's motion to remand, because not all of the served defendants timely joined or consented to removal); *Beard v. Lehman Brothers Holdings, Inc.,* 458 F.Supp. 2d 1314 (M.D. Ala. Sept. 15, 2006); *but see Glover v. W.R. Grace & Co., Inc.*, 773 F.Supp. 964 (E.D. Tex. 1991) (allowing removal where one party's consent was four days late).

In *Aucoin*, defendants filed a Notice of Removal which did not include the written consent of all served defendants, but simply included an averment stating: "All properly joined and served defendants consent to the removal of this matter." *Aucoin v. Gulf South Pipeline Co., L.P.*, No. 4-824, 2004 WL 1196980, at *1 (E.D. La. May 26, 2004). Consequently, defendant filed a Motion for Leave to Amend their notice of removal pursuant to 28 U.S.C. § 1653, in order to add the written consent of their co-defendants and cure their notice of removal's procedural defectiveness. *Id.* at 1. The Eastern District, relying on Fifth Circuit jurisprudence, most notably *Getty Oil, supra*, found that the defendant's failure to adequately reflect the consent of all defendants in a removal notice is a defect which is not curable by amendment and requires remand. *Id*. at 1-3.

Like the Defendant in *Aucoin*, ConocoPhilips Co.'s Notice of Removal did not include the written consent of all served defendants, but simply noted: "Counsel for Aspect Energy, LLC and Azimuth Energy LLC has informed undersigned counsel that both of his clients consent to removal." Doc. 1 p. 3. Furthermore, like the defendant in *Aucoin*, ConocoPhilips Co. moved to amend its Notice of Removal pursuant to 29 U.S.C. § 1653 in hopes of curing any procedural defects in its Notice of Removal; however, ConocoPhillips Co., like the defendant in *Aucoin* filed a motion to amend its notice of removal only after the 30 day time limitation of 28 U.S.C. §

1446(b) had expired.[2]

Consequently this court finds that ConocoPhilips Co.'s Notice of Removal is procedurally defective due to its failure to include an adequate expression of consent of all named defendants. This defect renders defendant's Notice of Removal invalid, and this court must remand this matter to state court accordingly. Therefore, plaintiff's Motion to Remand Doc. 7 is proper, and is hereby **GRANTED**[3].

## II.     Motion to Amend Notice of Removal

Defendant ConcoPhillips Co. filed a motion for leave to amend their Notice of Removal in this court on May 23, 2011, in hopes of curing the procedural defect caused by their failure to satisfy the rule of unanimity. Doc. 28.  As we noted in the preceding section the "failure to adequately reflect the consent of all defendant in a removal notice is a defect incurable by amendment and requiring remand." *Aucoin v. Gulf South Pipeline Co., L.P.*, No. 4-824, 2004 WL 1196980, at *2 (E.D. La. May 26, 2004) (citing *Smith v. Union Nat'l Life Ins.,* 187 F.Supp. 2d 635 (S.D. Miss. 2001); *Sims v. Ward*, 2001 WL 110436 (E.D. La. 2001); *Mayers v. Connell*, 651 F. Supp. 273 (M.D. La. 1986). A defendant may amend his removal petition, if he does so within the thirty day time period set forth in 28 U.S.C. § 1446 (b). *Id*. (citing *Courtney v. Bendetto*, 627 F.Supp. 523, 527 (M.D. La. 1986). Once the thirty day delay period has run, the only means available to amend a deficient notice of removal is 28 U.S.C. § 1653. *Id*. (citing *Marshall v. Skydive America South*, 903 F.Supp. 1067, 1069 (E.D. Tex. 1995). However, 28

---

[2] Defendants filed a motion for leave to amend their original Notice of Removal on May 23, 2011, approximately 83 days after Plaintiff's executed service of process of their amended complaint. Doc. 28.

[3] Plaintiffs' Motion to Remand contains several alternative grounds upon which they contend that this court could properly order the remand of this matter. *See generally* Doc. 7. However, this court's determination that defendant ConocoPhillips Co., failed to satisfy the rule of unanimity is sufficient justification for remand, in and of itself. Therefore, because remand is proper upon this ground alone, this court need not address those ancillary issues raised in plaintiffs' motion to remand.

U.S.C. § 1653 may only be used to cure defective allegations of jurisdiction, and may not be called upon to amend a procedural defect such as the failure of defendant to satisfy the rule of unanimity. *Id*. (citing *Brooks v. Rosiere*, 585 F.Supp. 351 (E.D. La. 1984)).

Defendant ConocoPhillips Co. failed to amend its Notice of Removal prior to the accrual of the thirty day time period set forth in § 1446(b), as a result it may no longer amend its notice of removal in order to cure the procedural defects contained therein. Further, even if ConocoPhillips Co. was allowed to amend its notice of removal, it would have no effect upon this court's decision to remand as defendant's notice of removal would still contain a procedural defect requiring remand.

Accordingly, this court finds that defendant ConocoPhillips' Co. motion for leave to file an amended Notice of Removal Doc. 28 should, and is hereby **DENIED**.

### *Conclusion*

In consideration of the above, this court finds that defendant ConocoPhillips Co, Notice of Removal contained a procedural defect, and therefore plaintiffs' Motion to Remand Doc. 7 is hereby **GRANTED**. The effect of this order is to be stayed for a period of fourteen (14) days to allow any aggrieved party to seek review from the district court. Should no party seek review then the clerk is to return this matter to the appropriate state court.

Furthermore, for the above mentioned reasons this court finds that defendant ConocoPhillips Co. Motion for Leave to File Amended Notice of Removal Doc. 28 should be and is hereby **DENIED**.

-8-

THUS DONE this 23rd day of August, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE