RECEIVED
IN LAKE CHARLES, LA.
NOV - 1 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STATE OF LOUISIANA, ET AL. | : | DOCKET NO. 2:11 CV 489 |
| VS. | : | JUDGE MINALDI |
| ASPECT ENERGY, LLC, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is an Appeal of the Magistrate Judge's Memorandum Order [Doc. 39] granting the plaintiffs' Motion to Remand, filed by the defendant, ConocoPhillips Company ("ConocoPhillips") [Doc. 40]. The plaintiffs, the School Board of Cameron Parish and the State of Louisiana, filed an Opposition [Doc. 44].

## BACKGROUND

In this lawsuit, the plaintiffs seek damages for environmental contamination allegedly caused by the defendants' oil and gas operations. The suit was originally filed in the 38th Judicial District Court, Cameron Parish Louisiana, on May 13, 2010.[1] On February 22, 2011, the plaintiffs amended their petition.[2] Service of the amended petition on the defendants was executed on March 1, 2011.[3]

---

[1] Def.'s Notice of Removal 1 [Doc. 1].

[2] *Id.*

[3] *Id.*

1

ConocoPhillips sought removal to this court on March 24, 2011. The Notice of Removal states that "[c]ounsel for Aspect Energy LLC and Azimuth Energy LLC has informed undersigned counsel that both of his clients consent to removal."[4]

On April 1, 2011, the School Board of Cameron Parish filed a motion to remand, arguing 1) that the Notice of Removal was untimely, 2) that it was procedurally defective because ConocoPhillips failed to obtain the written consent of all of the defendants, and 3) that this court lacks subject matter jurisdiction.[5] In response, ConocoPhillips filed a Motion for Leave to Amend its Notice of Removal under § 1653 to reflect the written consent of ConocoPhillips' codefendants, Aspect Energy, LLC and Azimuth Energy, LLC, on May 23, 2011 [Doc. 28].

On August 23, 2011, Magistrate Judge Kay denied ConocoPhillips' Motion for Leave to Amend, finding that the original Notice of Removal was procedurally defective because it did not adequately reflect that all of the defendants had consented to the removal and that the defect could not be cured by amendment. Accordingly, she granted the School Board's Motion to Remand. ConocoPhillips now appeals that decision.

## STANDARD OF REVIEW

Magistrate judges are empowered by the United States Code to "hear and determine" non-dispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A) (2006). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm

---

[4] *Id.* at 3.

[5] Memo. in Supp. Pl.'s Mot. to Remand [Doc. 7-1].

conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## ANALYSIS

28 U.S.C. § 1446 sets forth the procedural requirements for removal. It provides that defendants must file a notice of removal within thirty days of receiving the initial pleading in which a removable issue is raised. 28 U.S.C. § 1446(b). Section 1446(b) has further been interpreted to require that all defendants timely join the petition for removal. *Getty Oil Corp Div. of Texaco, Inc. v. Ins. Co. of North America, et al.*, 841 F.2d 1254, 1262 & n.11 (5th Cir. 1988). Each served defendant must indicate its consent in writing, either by signing the original petition removal or by filing written consent before the expiration of the thirty-day deadline for filing. *Id.* at 1262 n.11, 1263. A mere statement by the removing defendant that other defendants consent to the removal is insufficient. *Id.*

ConocoPhilips Co.'s Notice of Removal did not include the written consent of all served defendants, but simply noted that counsel for Aspect Energy, LLC and Azimuth Energy, LLC had informed ConocoPhillips that his clients consented to removal. It was therefore procedurally defective.

ConocoPhillips argues that it nevertheless should have been permitted to cure the defect by amending its Notice of Removal under 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[6] In rendering her decision to the contrary, the Magistrate Judge relied on *Aucoin v. Gulf South Pipeline Co., L.P.*, No. 4-824, 2004 WL 1196980, at *2 (E.D. La. May 26, 2004), which held

---

[6] A notice of removal may be freely amended within the thirty-day deadline for removal set forth in 28 U.S.C. § 1446(b). *Mayers v. Connell*, 651 F.Supp. 273, 274 (M.D.La.1986). After the expiration of that period, however, the only avenue available for amendment is 28 U.S.C. § 1653. *Marshall v. Skydive America South*, 903 F.Supp. 1067, 1069 (E.D.Tex.1995).

3

that because 28 U.S.C. § 1653 only permits amendment to cure defects in jurisdictional allegations, it may not be employed to overcome procedural defects such as the failure of all defendants to timely join.

ConocoPhillips does not dispute that the Magistrate Judge correctly interpreted the case law but instead argues that the cases on which she relied represent a "recent trend among some district courts in the Fifth Circuit, which . . . is in clear disagreement with the Fifth Circuit's discussions on the issue."[7] In particular, ConocoPhillips points to *Whitmire v. Victus Limited T/A Master Design Furniture,* in which the Fifth Circuit stated, "We have repeatedly noted that *§ 1653* is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." 212 F.3d 885, 887 (5th Cir. 2000). It goes on to cite *Fontenant v. Global Marine, Inc. et al.,* 703 F.2d 867 (5th Cir. 1983) for the proposition that a liberal construction of § 1653 should control even where a codefendant joins the removal outside of the 30-day deadline.

Neither of these cases, however, supports ConocoPhillips' contention that 28 U.S.C. § 1653 may be used to cure defects other than deficient jurisdictional allegations. At issue in *Whitmire* was whether the district court abused its discretion in refusing to allow the plaintiff to amend her complaint to allege an alternate basis for subject matter jurisdiction. In holding that it did, the court drew a distinction between "technical or formal amendments" that remedy defective jurisdictional *allegations*, and more substantive amendments that attempt to remedy defective jurisdictional *facts*. The court found that § 1653 permits the former but not the latter. Nothing in the case suggested that § 1653 could be used to cure technical or formal defects unrelated to jurisdictional allegations.

---

[7] Def.'s App. of Magistrate's Rulings 2 [Doc. 40].

4

Neither does *Fontenot* support ConocoPhillips' position. While the court in *Fontenot* did state that an amendment under 28 U.S.C. § 1653 could have been used to cure defective jurisdictional allegations in a Notice of Removal even though one of the defendants in that case did not timely consent, it did so only after finding that the plaintiff had waived any objection to the nonjoinder of that defendant. 703 F.2d at 871 nn.6 & 7.

28 U.S.C. § 1653, by its terms, may only be utilized to cure defective allegations of jurisdiction. Numerous courts have held that it cannot be employed to cure the failure of all defendants to timely join a motice of removal. *See, e.g. Aucoin v. Gulf South Pipeline Co., L.P.*, No. 4-824, 2004WL 1196980, at *2 (E.D. La. May 26, 2004); *Mayers v. Connell*, 651 F. Supp. 273 (M.D. La. 1986); *see also Smith* v. Union Nat. Life Ins. Co., 187 F.Supp. 2d 635, 645 (S.D. Miss. 2001) ("once the 30–day period has expired, amendment is not available to cure a substantive defect in removal proceedings"). ConocoPhillips has provided no authority to the contrary. The Magistrate Judge's decision to deny ConocoPhillips' motion for leave to amend its Notice of Removal and grant the plaintiffs' Motion to Remand was therefore not clearly erroneous. Accordingly, it is

ORDERED that ConocoPhillips' Appeal of the Magistrate Judge's Memorandum Order is DENIED.

Lake Charles, Louisiana, this 31 day of October, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5